IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RONALD WEAVER,

                                Civil No. 99-1150-ST

        Petitioner,

    v.

JOAN PALMATEER,

                             FINDINGS AND RECOMMENDATION

        Respondent.

        Todd H. Grover
        Attorney at Law
        143 SW Shevlin-Hixon Drive, Suite 203
        Bend, Oregon 97702

               Attorney for Petitioner

        John R. Kroger
        Attorney General
        Jacqueline Sadker Kamins
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

               Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

On October 3, 2008, the court granted petitioner's Rule 60 Motion and reopened this case to adjudicate Grounds Two and Three from his Corrected Amended Petition for Writ of Habeas Corpus (docket #182).  Following supplemental briefing, petitioner's Grounds Two and Three are currently before the court for disposition.  For the reasons that follow, Grounds Two and Three of the Corrected Amended Petition for Writ of Habeas Corpus (docket #44) should be denied.

## BACKGROUND

Petitioner was suspected of committing approximately 20-30 rapes between December of 1981 and August of 1982.  Respondent's Exhibit 101, p. 2.  This led to his indictment in both Multnomah and Clackamas Counties on numerous charges.  Petitioner pled guilty in both counties and ultimately received sentences totaling 70 years, with a 35-year minimum.

The District of Oregon granted habeas relief as to petitioner's Ground One claim of ineffective assistance of counsel, but the Ninth Circuit Court of Appeals reversed that decision on March 26, 2007 (docket #151).  As petitioner's Ground One claim of ineffective assistance has been resolved, the court is left only with the following claims:

Ground Two:    The trial court failed to advise petitioner of the possibility for consecutive sentences between the

2 - FINDINGS AND RECOMMENDATION

convictions arising out of both Multnomah and Clackamas Counties;

Ground Three:  The prosecutor engaged in misconduct in violation of the Fourteenth Amendment when he recommended a term of incarceration longer than that contained in the plea agreement.

Corrected Amended Petition (docket #44).

## FINDINGS

### I.    Remnants of Ground One

As an initial matter, petitioner asks the court to expand its grant of his Rule 60 Motion to include adjudication of subparagraph (f) of his Ground One claim that trial counsel was constitutionally ineffective when he failed to advise petitioner of a conflict of interest, namely that he had borrowed money from petitioner's parents.

Motions made pursuant to Rule 60(b) "must be made within a reasonable time. . . ." Fed. R. Civ. P. 60(c)(1). The Ninth Circuit entered its Judgment in petitioner's case on March 26, 2007. The District Court, as instructed, issued its Superseding Judgment on March 30, 2007. One year later, petitioner filed his Motion for Reconsideration on March 29, 2008 asking the court to withdraw its Superseding Judgment in order to adjudicate Grounds Two and Three. On October 3, 2008, the court granted the Motion for Relief from the Superseding Judgment. Not until February 27, 2009, however, did petitioner first indicate his desire to broaden the court's Rule 60 Order to include a portion of Ground One. Such

a request is now untimely because it was not made within a reasonable period of time. In any event, both this court and the Ninth Circuit Court of Appeals have ruled upon Ground One in its entirety, and this court has no authority to revisit that decision at this point. *See, e.g., United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (issues decided on appeal are not eligible for further review by the district court).

## II. **The Merits**

### A. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**B.   Ground Two: Involuntary Guilty Plea**

According to petitioner, the Multnomah County Circuit Court neglected to advise him in advance of his guilty pleas that his sentences in Multnomah County would run consecutively to the sentences which had already been imposed in Clackamas County. He

therefore claims that his guilty pleas in Multnomah County were
rendered unknowing and involuntary.

Due process requires that a defendant's guilty plea be
voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242
(1969). A guilty plea is voluntary if it is given by a defendant
who is fully aware of the direct consequences of his plea. *Mabry
v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397
U.S. 742, 755 (1970).

The PCR trial court concluded as follows:

> Petitioner was adequately advised of the maximum
> sentence which could be imposed upon him before he
> entered his guilty pleas in each county. He was
> advised through the combination of his plea
> petition, the courts, counsel and his experience in
> each court.

Respondent's Exhibit 186, pp. 6-7.

As a result, it found that petitioner's guilty pleas were
knowing, voluntary, and intelligent. *Id.*

Contrary to petitioner's assertion, this constitutes a
decision on the merits and is entitled to deference under the Anti-
terrorism and Effective Death Penalty Act. Petitioner also asserts
that the factual finding of the PCR trial court is an unreasonable
determination of the facts in light of the evidence contained in
the record. However, the record reveals that the plea petitions
advised petitioner of the potential sentences he faced, and the
Clackamas County Circuit Court alerted petitioner to the fact that
the sentences might run consecutively. Respondent's Exhibits 102-

103 & 104, pp. 5-6.  Petitioner's trial attorney testified at a hearing on petitioner's motion to withdraw his plea that he had advised petitioner as to the maximum penalties he faced. Respondent's Exhibit 110, p. 42.  As a result, the state court's factual finding does not constitute an unreasonable determination of the facts in light of the evidence presented.  Taking the PCR trial court's factual finding as true, there is no due process violation.

Finally, the court notes that there is no Supreme Court precedent on point which requires a state court judge to advise a petitioner of the possibility of consecutive sentences in another county in order to render a guilty plea knowing and voluntary. Indeed, the Ninth Circuit has concluded that due process does not require a trial court to advise a criminal defendant of consecutive sentences where the decision to impose them is discretionary. *U.S. v. Wills*, 881 F.2d 823, 825 (9th Cir. 1989).  Although petitioner asserts that *Wills* was wrongly decided, that is not a determination for this court to make.

For all of these reasons, the PCR trial court's decision denying relief on this due process claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

///

///

7 - FINDINGS AND RECOMMENDATION

C.     **Ground Three: Breach of Plea Agreement**

When petitioner entered into his plea agreement in Multnomah County, the prosecutor agreed that his sentencing recommendations would be limited to one of the following options:

> 1.   If Clackamas County Circuit Court sentences me to 2 consecutive 20 year terms with 10 year minimum on each, for a total of 40 years w/ minimum of 20 years, Multnomah County will recommend concurrent sentences on these charges.
>
> 2.   Maximum sentence on these charges with no request for minimum sentence or dangerous offender treatment.
>
> 3.   20 years on each indictment to run consecutively with 10 year minimum on both if Clackamas County does not give maximum sentences as set forth in (1) above.

Respondent's Exhibit 103, p. 3.

Clackamas County imposed two consecutive 20-year sentences, each of which carried a 10-year minimum.  Accordingly, at the Multnomah County sentencing hearing, the prosecutor made the following recommendation to the court:

> Your Honor, there was, as the Court knows, an agreement based upon the sentence in Clackamas County.  Clackamas County, as you know, imposed the 40-year sentence with a twenty-year minimum. We would elect to take [option] one, in which we would recommend twenty years on the Rape I charge with a ten-year minimum.
>
> On the second case, Attempted Rape and Attempted Sodomy, two ten-year sentences to run consecutive, each with five-year minimums; all sentences to run consecutive to each other.  However, to run concurrent to the sentence in Clackamas County.

8 - FINDINGS AND RECOMMENDATION

> So, in essence, we are recommending forty with
> twenty-minimum, concurrent to Clackamas County.

Petitioner's Exhibit B, pp. 2-3.

Petitioner asserts that the prosecutor's sentencing recommendation violated the terms of the plea agreement because he essentially utilized all three options available to him. As a result, petitioner asserts that the prosecutor violated his right to due process of law.

The due process requirements for a voluntary and intelligent guilty plea are set forth above. In addition, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Petitioner first asserts that the court should not defer to the decision of the PCR trial court because it rejected this claim on procedural grounds and never considered the merits. While it appears that the PCR trial court may have concluded that the claim was not properly brought on collateral review,[1] it also reached the merits of the claim when it determined the following:

> The Multnomah County prosecutor did not violate the
> terms of the plea agreement . . .
>
> Petitioner failed to meet his burden of proof in
> this proceeding to demonstrate that there was any
> prosecutorial misconduct . . .

---

[1] Respondent's Exhibit 183, p. 3.

9 - FINDINGS AND RECOMMENDATION

> Petitioner's convictions were not obtained by prosecutorial misconduct.

Respondent's Exhibit 186, pp. 7-8.

As a result, the PCR trial court made a merits decision to which this court must defer.

According to petitioner, the factual determination that the prosecutor did not violate the terms of the plea agreement is unreasonable based on the existing record, thus entitling him to habeas corpus relief under 28 U.S.C. §2254(d)(2). The record reveals that at sentencing, the prosecutor indicated that his recommendation reflected the agreement he reached with petitioner's attorney, and that while the document containing the sentencing recommendation options was not artfully drafted, his recommendation reflected the understanding of the parties. Petitioner's Exhibit B, pp. 92-93. Indeed, it appears that the prosecutor was attempting to mirror the charges in Clackamas County so the sentences could run in a fully concurrent fashion, i.e. year for year. The prosecutor's recommendations pertaining to the structure of the Multnomah County sentences as they related to each other made no difference in petitioner's ultimate sentence. In fact, had the prosecutor truly utilized either Option 2 or Option 3, he would have been permitted to argue in favor of consecutive sentences between Multnomah and Clackamas Counties, something he clearly did not do. As a result, the court finds that the prosecutor maintained the spirit of the agreement contemplated by the parties

10 - FINDINGS AND RECOMMENDATION

when he asked the court to run the Multnomah County sentences concurrently to those from Clackamas County. Thus, the PCR trial court's factual finding is not unreasonable.

In order to prevail on the due process claim, a petitioner must show that the error was not harmless. The test for harmless error is whether the error "had substantial and injurious effect or influence in determining [the sentence ultimately imposed]." *Brecht v. Abramson*, 507 U.S. 619, 637-38 (1993).

Even assuming the prosecutor should not have made a recommendation as to the sentence structure among the Multnomah County sentences, petitioner was not prejudiced by this conduct. The prosecutor specifically recommended that the sentences in Multnomah County run concurrently to those in Clackamas County, as contemplated by Option 1 of the plea agreement. The trial judge emphatically disregarded that recommendation and imposed a 70-year sentence with a 35-year minimum term. Respondent's Exhibit 115. In doing so, the judge implied that he felt no compassion toward petitioner, noting that if he had "any feeling of compassion, I think it probably is directed to the family of the defendant: the parents, sister and his friends." *Id* at 1. He took time to read from the many letters the victims had sent him before expressing his intent at sentencing as follows:

> It['s] my intent now -- and I preface my sentence
> by making this introductory comment so that there
> will be no misunderstanding either in the Appellate
> Court or by the Parole Board, that I intend at this

11 - FINDINGS AND RECOMMENDATION

> time, this morning, to impose the maximum possible
> sentence that I can do on each charge brought
> against this person, and I mean that literally,
> because I want no one to misunderstand my intent.
> I don't know what the future holds for Mr. Weaver,
> but to the extent that I can control the future, he
> should be incarcerated for the maximum length of
> time that the law permits.

*Id* at 5-6.

Given the trial judge's disregard of the prosecutor's recommendation, and his clear intent to sentence petitioner to the maximum term allowed by law, it does not follow that petitioner's sentence would have been shorter had the prosecutor simply remained silent on exactly how to construct the Multnomah County sentences as they related only to each other. In this respect, any error is harmless.

Although petitioner argues that *Brecht's* harmless error test does not apply to errors associated with guilty pleas, the court disagrees. The harmless error test applies to all due process claims unless the error is structural. *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991). The Supreme Court has specifically determined that "breach of a plea deal is not a 'structural' error as we have used that term. We have never described it as such . . . and it shares no common features with errors we *have* held structural." *Pucket v. U.S.*, 129 S.Ct. 1423, 1432 (2009) (emphasis original). Because the harmless error analysis applies to breach of a plea agreement and because the error in this case was harmless, the court concludes that petitioner's due process

12 - FINDINGS AND RECOMMENDATION

claim lacks merit.  At a minimum, the PCR trial court's decision on this matter is neither contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, the court recommends denying relief on the Corrected Amended Petition.

### RECOMMMENDATION

For the reasons identified above, the Corrected Amended Petition for Writ of Habeas Corpus (docket #44) should be DENIED. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due March 15, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 24th day of February, 2010.


s/   Janice M. Stewart
     Janice M. Stewart
     United States Magistrate Judge


13 - FINDINGS AND RECOMMENDATION